# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| YANELIS RODRIGUEZ,<br><br>                           Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and FIRST PREMIER BANK,<br><br>                           Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff YANELIS RODRIGUEZ ("Plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian") and First Premier Bank ("FPB") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Defendants Experian has been selling credit reports containing inaccurate account information regarding Plaintiff's charged off FPB account. Although Plaintiff disputed the reporting in writing, Defendants failed to conduct a reasonable investigation, and failed to correct the reporting.

3. To make matters worse, Experian and FPB then penalized Plaintiff for submitting disputes by changing a key date on her account to make an old delinquency appear more recent. Specifically, Defendants changed the "Date of Status" field on the FPB account from March 2014 to April 2018. The Date of Status field, however, informs prospective creditors of the date a delinquency occurred, and reflects a static date that should not change. Defendants thus made it

1

appear that Plaintiff's delinquencies occurred more recently, which adversely affected Plaintiff's credit score.

4. Plaintiff later was denied an extension of credit based on information contained in her Experian reports, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## PARTIES

5. Plaintiff resides in Lee County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

6. Defendant Experian is a foreign corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" under the FCRA.

7. Defendant FPB is a national banking association headquartered and incorporated in South Dakota with a principal place of business is 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104. FPB qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

8. The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s-2(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

9. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

10. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that

consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.  *See* 15 U.S.C. 1681a.

11.     To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

12.     Plaintiff has a legally protected interest in Experian fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Experian and FPB Violated the FCRA and Damaged Plaintiff**

13.     Experian has been selling credit reports containing inaccurate balance and past due amount information on Plaintiff's FPB account.

14.     In March 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Experian's FCRA compliance division.  The dispute letter also asked Experian to verify the date the account was opened, the date of status, and the date the account was first reported.

15.     Experian notified FPB of Plaintiff's dispute letter, as required by federal statute.

16.     The receipt of Plaintiff's dispute letter triggered Defendants' obligations to conduct an investigation, and correct or update the reporting if necessary.

17.     Defendants, however, failed to conduct an investigation and failed to correct the reporting.

18. To make matters worse, Defendants changed the "Date of Status" field on Plaintiff's credit report from March 2014 to April 2018 to make Plaintiff's past delinquency appear more recent.

19. The "Date of Status" field, however, reflects a static date that should never change. By re-aging the account to reflect a more recent delinquency, Defendants adversely affected Plaintiff's credit score and perceived creditworthiness.

20. Plaintiff was later denied an extension of credit based on information contained in her Experian report.

## CAUSES OF ACTION

### COUNT I

**Against Experian for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

21. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

22. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.
>
> 15 U.S.C. §1681e(b) (emphasis added).

23. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end

of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added)

24. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

25. Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

26. Experian also failed to follow reasonable procedures to prevent improper modifications to the Date of Status field.

27. Experian's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

28. As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against FPB for Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

29. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

30. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) *conduct an investigation with respect to disputed information*;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…
>
> 15 U.S.C. § 1681s-2(b) (emphasis added).

31. FPB failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

32. FPB willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to Experian.

33. Instead of removing the inaccurate information, FPB improperly verified that the reporting was accurate, and changed the dates on Plaintiff's credit reports.

34. As a result of FPB's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress

35. FPB's conduct was a direct and proximate cause of Plaintiff's damages.

36. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

1. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

2. awarding attorney's fees and costs, and other relief; and

3. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: September 10 , 2020

**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
FLORIDA BAR NO. 119968

                    */s/ Yosef Steinmetz*
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*